UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GXP CDMO, Inc.,,<br><br>                    Plaintiff,<br><br>v.<br><br>ADVANTAR LABORATORIES, Inc.,,<br><br>                    Defendant. | Case No.: 3:17-cv-01910-L-NLS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION [Doc. 1] TO WITHDRAW THE REFERENCE** |

Plaintiff GXP CDMO, Inc. ("Plaintiff") initiated this litigation by filing for Chapter 11 bankruptcy. (BP#: 14-08651-MM11 [Doc. 1.].) Subsequently, Plaintiff initiated an adversary proceeding against Defendant Advantar Laboratories, Inc., ("Defendant"). (AP#: 16-90110-MM [Doc. 1].) Plaintiff now moves to withdraw the reference and have all pretrial matters heard by the District Court. (Mot. [Doc. 1].) In support of its motion, Plaintiff cites 28 U.S.C. § 157 (e) and contends that the Court must grant its motion in full because it has requested a jury trial and does not consent to the Bankruptcy Court conducting the jury trial.[1]

---

[1] Plaintiff also argued that the Court should grant its motion because the Bankruptcy Court is inclined to permissively abstain from the case and thereby dismiss it. This argument is moot in light of the Bankruptcy Court's subsequent decision to not permissively abstain. (AP#: 16-90110-MM [Docs. 107, 109].)

1

| | |
|---|---|
| 1 | Plaintiff is correct to assert that 28 U.S.C. § 157 (e) and the Seventh Amendment to the U.S. Constitution grant it the right to a jury trial conducted by an Article III Judge. However, it does not follow that all pretrial matters should immediately be assigned to the District Court. *In re Healthcentral.com*, 504 F.3d 775 (9th Cir. 2007) ("[A] Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district Court.") Rather, concerns of judicial economy and efficiency often require that the Bankruptcy Court retain pretrial jurisdiction. *Id.* This is especially true in situations such as the present where the Bankruptcy Court, having ruled on multiple contested pretrial motions, has substantial preexisting familiarity with the facts and the law of this case. Accordingly, the Court **DENIES** Plaintiff's motion to withdraw the reference. This denial is without prejudice to Plaintiff refiling a motion to withdraw the reference in the event this case proceeds to trial. |

**IT IS SO ORDERED.**

Dated: February 6, 2018

_____
Hon. M. James Lorenz
United States District Judge

CC: The Honorable Margaret M. Mann